UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re:  HUNGRY HORSE, LLC,                             Case No. 16-11222-t11
        Debtor.

## MOTION TO SELL 2014 VACUUM LIFTER AND TO PAY SECURED CREDITORS

COMES NOW Hungry Horse LLC, the Debtor ("Hungry Horse" or "Debtor"), by and through its attorneys, Robert D. Gorman, P.A. (Louis Puccini, Jr.), and move the Court to enter an order authorizing the Debtor to sell its 2014 Vacuworx RC10 Vacuum Lifter, Serial No. RC-1000576 (herein "Vacuum Lifter") pursuant to 11 USC § 363.  As further grounds the Debtor states:

1. This Court has exclusive jurisdiction over sale of property of the estate, pursuant to 11 USC § 363, and this is a core proceeding pursuant to 28 USC § 157(b)(2)(A), (N) and (O).

2. This Motion is filed pursuant to 11 USC § 363(b) and §363(f), Rules 2002, 4001, 6004, and 9014 F.R.Bankr.P.

3. The Vacuum Lifter is property of the estate pursuant to 11 USC § 541.

4. The sale is to be free and clear of all interests in such property subject to payment of the first lien to Wells Fargo and payment in part of the indebtedness due to Lea County State Bank secured by a second lien.

5. The Debtor acquired the Vacuum Lifter on or about April 10, 2014 from Yellowhouse Machinery and it is financed by Wells Fargo Equipment Finance Inc. (herein "Wells Fargo").  Wells Fargo is a secured creditor having filed a Financing Statement No 20140006735K on April 24, 2014 with the New Mexico Secretary of State.

6. Debtor no longer requires the Vacuum Lifter for its business.

7. Wells Fargo filed a Proof of Claim in the Hungry Horse Chapter 11, Claim No. 30 on October 20, 2016.  The amount estimated to be due to Wells Fargo is $48,000.

8. The Court entered a Stipulated Order providing adequate protection to Wells Fargo on December 21, 2016 [Dkt. 212].

9. Wells Fargo has a first priority purchase money security interest in the Vacuum Lifter.

10. The Vacuum Lifter is not a titled vehicle and there is no certificate of title.

11. Lea County State Bank (herein "LCSB") claims a second priority lien on the Vacuum Lifter as equipment. LCSB claims a lien on all non-titled equipment. LCSB filed a secured Proof of Claim [Claim No. 36] in the amount of $2.5M on its cross-collateralized loans, and has filed numerous Financing Statements perfecting its lien on "all equipment" including Financing Statement No. 20090010037C filed June 24, 2009, and Continuation Statement filed January 22, 2014 No 20140001113E.

In addition, the Court has entered several orders on use of Cash Collateral confirming LCSB's liens on all equipment and other collateral.

12. The Vacuum Lifter was not listed with a broker and no commission is due.

13. Debtor received a purchase offer from Watson Construction Co, Inc., the Buyer, a copy of which is attached as <u>Exhibit A</u>. Seller and the Debtor accepted the offer subject to approval by the Bankruptcy Court.

14. The purchase price stated in the Purchase Agreement is $85,000.00 cash.

15. The other terms of sale are:

    A. The sale is "as is," "where is" with no Seller's warranties;

    B. The proceeds will be used to pay the purchase month security interest first lien to Wells Fargo.

    C. The balance of the proceeds will be paid to LCSB on its second priority secured claim;

D. Each party to bear their own attorneys fees and costs; and

E. The sale is free and clear of any and all interests and claims of Hungry Horse's creditors, and Buyer is not a successor in interest.

16. All proceeds of sale will be used to pay the first lien in full and the balance on the second lien and the Debtor shall not receive any of the proceeds.

17. The sale will reduce Debtor's secured indebtedness and eliminate the monthly payments to Wells Fargo.

18. The sale is in the best interest of the Debtor, the Estate, and creditors, as it will increase cash flow to use for other necessary purposes.

19. The purchase offer was negotiated at arms-length, in good faith, and Seller and its principals have no connection with Buyer or interest therein.

20. A Notice of this Motion is being served on all parties entitled to receive notice on the mailing matrix and to Watson Construction Co, Inc.

21. The Buyer is a good faith purchaser and entitled to the provisions of 11 USC § 363(m), and any appeal of an order of sale shall not affect the validity of this sale.

22. The order approving this sale should be effective immediately on entry and the stay provided by Rule 6004(h) FRBP should not apply.

WHEREFORE, Hungry Horse, LLC, the Debtor, moves the Court for an order as follows:

A. Approving the sale of the Vacuum Lifter pursuant to the Purchase Agreement;

B. Such sale is free and clear of all interests, if any, subject to use of all proceeds to pay the parties secured by liens on the Vacuum Lifter, and such liens shall attach to the proceeds of sale in the same priority as the original liens;

C. The Buyer is a good faith purchaser, and entitled to the provisions of 11 USC § 363(m);

3

D. The Order approving sale is effective immediately on entry and the stay provided by Rule 6004(h) FRBP does not apply; and

E. For other just relief.

Respectfully Submitted,

**ROBERT D. GORMAN, P.A.**
/s/ *Louis Puccini, Jr.*
Louis Puccini, Jr.
P.O. Box 25164
Albuquerque, NM 87102-0164
P. 505.243.5442 | F. 505.247.5319
louis@rdgormanlaw.com
*Attorneys for Debtor-In-Possession*

## CERTIFICATE OF SERVICE

In accordance with FRBP 9036, NM LBR 9036-1(b) and FRCP 5(b)(3), I hereby certify that service of this document was made on November 17, 2017, via the notice transmission facilities of the case management and electronic filing system of the United States Bankruptcy Court for the District of New Mexico on all parties or counsel requesting notice to be served by electronic means.

**ROBERT D. GORMAN, P.A.**
By: *Louis Puccini, Jr.*
    Louis Puccini, Jr.

5