# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:
Hungry Horse, LLC,
    Debtor.

No. 16-11222-ta11

## OFFER OF PROOF BY JOHN NORRIS IN SUPPORT OF CONFIRMATION OF HUNGRY HORSE, LLC'S REORGANIZATION PLAN

**STATE OF NEW MEXICO** )
                              ) ss.
**COUNTY OF** _Rea_ )

      **JOHN NORRIS** having been duly sworn upon his oath, states:

      1.    I am the only managing member of Hungry Horse, LLC, the Debtor/Debtor-In-Possession in this Chapter 11 proceeding.

      2.    I am familiar with and approved the First Amended Disclosure Statement (dated May 18, 2018 [Dkt. 545]) ("Disclosure Statement") and the Exhibits to the Disclosure Statement.

      3.    I am also familiar with and approved the First Amended Plan of Reorganization (dated May 18, 2018 [Dkt. 549]) ("Plan").

      4.    The Plan deals with all creditors of Hungry Horse, LLC.

      5.    To the best of my knowledge and on advice of counsel, the Plan complies with all applicable provisions of Bankruptcy law, including, but not limited to: (a) Hungry Horse, LLC has filed all monthly operating reports, which are accurate to the best of my knowledge, information and belief; (b) the United States Trustee's reports and fees are current and have been paid through the first quarter of 2018; (c) all federal and state post-petition taxes have been paid in full and timely, or will be paid when the taxes are due; (d) all pre and post-petition Federal and State tax returns have been filed; (e) all prepetition taxes have been paid in full and there are no pre-petition taxes owed to any taxing agency; (f) the First Amended Disclosure Statement has been approved by the Court; (g) all required disclosures have been made, and the representations in the First

Amended Disclosure Statement (filed May 18, 2018 [Dkt. 545]) are accurate to the best of my knowledge, information and belief; and (h) all post-petition operating expenses have been and are paid on a current basis.

6. The Plan has been proposed in good faith, providing full and accurate disclosure, and not by any means forbidden by law.

7. All payments by Hungry Horse, LLC, the Plan Proponent, for services, costs and expenses incurred in connection with this Chapter 11 case have been approved to date or are subject to final approval by the Court. All professionals have filed applications for approval of employment and orders entered approving employment of all professionals, and the professionals shall file final applications for approval of compensation.

8. There are no securities to be issued pursuant to the Plan.

9. The proponent of the Plan, Hungry Horse, LLC, is a New Mexico limited liability company. John Norris shall continue after confirmation to serve as the only managing member of Hungry Horse, LLC, and Vernon Black shall continue as manager.

10. There are no anticipated successors-in-interest to Hungry Horse, LLC, other than Hungry Horse, LLC, the Reorganized Debtor. Insiders, John Norris and Vernon Black, owner members, shall continue to be employed by the Reorganized Debtor.

11. All Classes of creditors entitled to vote who have actually voted have accepted the Plan. Acceptance by all Classes is unanimous. There are no ballots rejecting the Plan. There are no creditors in Class Seven (General Claims Class, claims exceeding $5,000) who have elected to be included in Class Six, claims of $5,000 or less.

12. The Plan provides that Hungry Horse, LLC shall continue in business.

13. The Plan is financially feasible and is not likely to be followed by liquidation or the need for further financial reorganization. The Plan does not provide for liquidation of any assets.

14. There are no governmental regulator bodies (federal or state) with jurisdiction over the plan provisions and the Debtor does not derive any income from rates or charges subject to governmental regulation.

15. All fees required to be paid pursuant to 28 U.S.C. § 193 have been paid to date or shall be paid when due or when approved by the Bankruptcy Court.

16. The Debtor has no retirement plans, does not pay retirement benefits and there is no judicial or administrative order to pay domestic support and there are no creditors owed domestic support payments from the Debtor.

17. The value of the property to be paid under the Plan to all unsecured claims is more than the liquidation value of all Hungry Horse, LLC assets less those assets subject to liens of secured creditors. The Plan proposes to pay 100% of all allowed claims in Class Seven without interest on or before five years.

15. All transfers of property under the Plan, if any, shall be made in accordance with any applicable provisions of non-bankruptcy law.

FURTHER AFFIANT sayeth naught.

*/s/ John Norris*
JOHN NORRIS

SUBSCRIBED AND SWORN to and acknowledged before me this 26th day of June 2018 by John Norris, on behalf of Hungry Horse, LLC, a New Mexico limited liability company.

*/s/ Cheryl Dudley*
Notary Public

My commission expires:

3-9-19

OFFICIAL SEAL
CHERYL DUDLEY
NOTARY PUBLIC-STATE OF NEW MEXICO
My commission expires: 3-9-19

3